```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT

------------------------------x
                              :
JOSE ALVARADO                 :      Civ. No. 3:21CV01481(SALM)
                              :
v.                            :
                              :
PBM, LLC and SERVICE          :
EMPLOYEES INTERNATIONAL       :
UNION, CTW CLC                :      August 18, 2022
                              :
------------------------------x
```

**RULING ON MOTIONS TO DISMISS [Doc. #29, #32]**

Defendants PBM, LLC ("PBM") and Service Employees International Union, CTW CLC ("SEIU") have each filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Doc. #32, Doc. #29. Plaintiff Jose Alvarado ("plaintiff") has filed a memorandum in opposition to the motions. See Doc. #37, Doc. #38, Doc. #39. Each defendant has filed a reply. See Doc. #42, Doc. #45. For the reasons stated herein, the Motions to Dismiss [**Doc. #32, Doc. #29**] are **GRANTED**.

I.   **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); accord Kaplan v. Lebanese Canadian Bank, SAL, 999 F.3d 842, 854 (2d Cir. 2021). In reviewing such a motion, the Court "must

accept as true all nonconclusory factual allegations in the complaint and draw all reasonable inferences in the Plaintiffs' favor." Kaplan, 999 F.3d at 854 (citations omitted). In short, the Court's "role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint -- apart from any of its conclusory allegations -- alleges enough facts to state a plausible claim for relief." Taylor Theunissen, M.D., LLC v. United HealthCare Grp., Inc., 365 F. Supp. 3d 242, 246 (D. Conn. 2019).

"[W]hile this plausibility pleading standard is forgiving, it is not toothless. It does not require [the Court] to credit legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement." Mandala v. NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020) (citation and quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).

## II.  BACKGROUND

Plaintiff filed this action in Connecticut Superior Court on October 2, 2021; defendants removed the action to this Court on November 5, 2021. See Doc. #1. This matter was transferred to the undersigned on November 16, 2021. See Doc. #16.

Plaintiff brings the Complaint in three counts: Count One

asserts a claim for breach of contract; Count Two asserts a claim for defamation; and Count Three asserts a claim for breach of the duty of fair representation. See generally Doc. #1 at 6-8. The Complaint does not identify which claims are brought against which defendants. However, in his memoranda in opposition to the motions to dismiss, plaintiff limits his arguments as to Count Three to SEIU; accordingly, the Court construes Count Three as having been brought only against SEIU. See Doc. #37 at 5-6, Doc. #38 at 5-6, Doc. #39 at 4-5.[1]

SEIU filed a motion to dismiss all claims against it on December 10, 2021, see Doc. #29, and PBM filed a motion to dismiss all claims against it on December 13, 2021, see Doc. #32. Plaintiff filed three documents in response to the motions on January 5, 2022. One is directed to SEIU's motion. See Doc. #38. The other two are identical copies of the same response to PBM's motion. See Doc. #37, Doc. #39.[2] Notably, other than the titles, the opposition memoranda are identical; plaintiff makes no attempt to differentiate between the arguments of defendants or the claims against each of them in his opposition. SEIU filed

---

[1] Throughout this Ruling, the Court cites to the page numbers reflected in each document's ECF header, rather than the pagination applied by the filing party.

[2] For ease of reference, given that all three opposition memoranda are substantively identical, the Court will cite to Doc. #37, the first filed objection, throughout this Ruling.

a reply on January 21, 2022, see Doc. #45, and PBM filed a reply on January 18, 2022, see Doc. #42.

The Court accepts the following allegations as true, solely for purposes of the Motions to Dismiss.

The plaintiff started working for PBM's predecessor in 1999. See Doc. #1 at 6. In January 2021, plaintiff "was falsely accused by a co-worker ... of sexual harassment." Id. "Plaintiff never sexually harassed any co-worker during" his employment for PBM and its predecessor. Id. PBM conducted an investigation of the sexual harassment allegation during which "Plaintiff was not permitted to explain his side of the story nor was he allowed to defend himself." Id. at 7.

"On January 27, 2021, the Plaintiff was terminated from his position ... due to the false claim of sexual harassment. Said termination was a breach of the contract between Defendant Union and Defendant PBM." Id.

"Plaintiff attempted to grieve the matter with Defendant Union, however, the Union intentionally did not support him as a member and his grievance was not successful." Id. "Defendant Union owed a duty of fair representation to the Plaintiff to fairly represent him after his termination of employment from PBM." Id. at 8. SEIU "intentionally fail[ed] to prosecute a successful grievance" on plaintiff's behalf. Id.

Both defendants caused the false allegation of sexual

harassment to be published to third parties, causing "Plaintiff to be suspended and then terminated[.]" Id. at 7. "Because of the publication by the Defendants of the false statement, the Plaintiff has had a very difficult time finding new employment." Id.

Plaintiff does not attach any documents to the Complaint, including the contract that is the subject of Count One.

## III. DISCUSSION

SEIU moves to dismiss Count One and Count Two on the grounds that the common law breach of contract and defamation claims are preempted by federal law. See Doc. #30 at 8-11. PBM asserts that it "incorporates" the arguments made by SEIU on this point. Doc. #32-1 at 3. There is no mechanism in the Federal or Local Rules of Civil Procedure for "incorporation" of arguments made by other parties in motions. However, as discussed in detail below, the Court finds that each count of the Complaint fails to state a claim, as to either defendant.

### A.   Count One – Breach of Contract

The Complaint expressly alleges that Count One is premised on "a breach of the contract between Defendant Union and Defendant PBM." Doc. #1 at 7. In opposing the motions to dismiss, plaintiff confirms that "the contract" at issue in Count One is "the collective bargaining agreement between Defendant PBM, LLC and Defendant" SEIU. Doc. #37-1 at 3. SEIU

contends that the Labor Management Relations Act, 29 U.S.C. §185 (the "LMRA"), preempts any and all "state law claims that require the interpretation and application of a collective bargaining agreement[.]" Doc. #30 at 8. Plaintiff's response to this significant argument reads, in its entirety:

> The Plaintiff's claims for Breach of Contract need NOT be dismissed if it is assumed that they are preempted by Federal Labor Law. According to the Defendants the claims are now pending in the appropriate forum – Federal Court which can adequately address the claims.
>
> The First Count of the Plaintiff's Complaint for breach of the collective bargaining agreement between Defendant PBM, LLC and Defendant Service Employees International Union, CTW CLC ("SEIU") can and should be heard in this Court as this Court can properly and competently interpret the provisions of the collective bargaining agreement at issue.

Doc. #37-1 at 3 (sic). This argument is bewildering. It appears that counsel for plaintiff does not understand the meaning or effect of preemption, and has made no effort to research the issue. The issue is not whether this action is "pending in the appropriate forum[.]" Id. Rather, if the claims in Count One and Count Two are in fact preempted by federal law, those claims are "properly dismissed." Ignacuinos v. Boehringer Ingelheim Pharms. Inc, 8 F.4th 98, 105 (2d Cir. 2021). Plaintiff makes no argument at all that the LMRA does not preempt the breach of contract claim.

"Under section 301," of the LMRA, "state law based claims for suits for violation of contracts between an employer and a

labor organization are completely preempted[.]" Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 38 (2d Cir. 1997) (citation and quotation marks omitted). "In this case, Plaintiff alleges that the [collective bargaining agreement] was violated by certain acts of the Defendants. Plaintiff relies upon no other contract or agreement for his breach of contract claim. In other words, his breach of contract claim is wholly dependent upon the provisions of the [collective bargaining agreement]." Golnik v. Amato, 299 F. Supp. 2d 8, 20 (D. Conn. 2003).

Dismissal of the breach of contract claim, which rests entirely on the collective bargaining agreement between SEIU and PBM, is required, because the claim is preempted by the LMRA. See Lane v. 1199 SEIU Healthcare Workers Lab. Union, 694 F. App'x 819, 821 (2d Cir. 2017) ("[T]he powerful preemptive force of Section 301 displaces all claims substantially dependent on analysis of a collective-bargaining agreement, which would be the case with a breach-of-contract claim[.]" (citation and quotation marks omitted)). Accordingly, Count One is **DISMISSED**. Although PBM did not separately move for dismissal on this basis, the Court finds that this Count must be dismissed, as preempted, as against all defendants.

B.  **Count Two – Defamation**

Count Two asserts that both defendants "published" the allegedly false statement by plaintiff's coworker accusing him

of sexual harassment, and that this publication caused plaintiff to have "a very difficult time finding new employment." Doc. #1 at 7. SEIU contends that this claim, too, is preempted by the LMRA, arguing that the defamation claim is "inextricably intertwined with and substantially dependent on the application and interpretation of the [collective bargaining agreement]." Doc. #30 at 11. SEIU cites no precedential decisions in which a defamation claim was found to be preempted by the LMRA.

> The principles for deciding when a state-law claim is preempted by the LMRA are more easily expressed than applied. Where the resolution of a state-law claim depends on an interpretation of the collective-bargaining agreement, the claim is pre-empted. However, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.

Foy v. Pratt & Whitney Grp., 127 F.3d 229, 233 (2d Cir. 1997) (citations and quotation marks omitted). Here, defendants have not argued that the collective bargaining agreement is incorporated by reference into the Complaint, and have not submitted a copy of the collective bargaining agreement for the Court's consideration.

Although plaintiff offers no substantive response to this argument, the Court notes that a number of courts in this Circuit have found that state law defamation claims were not preempted by the LMRA. See, e.g., Mogul v. N.Y. Pub. Radio, No. 21CV05882(CM), 2022 WL 814356, at *6 (S.D.N.Y. Mar. 17, 2022)


(finding "plaintiff's claim ... that he was defamed by being described to his co-workers as someone who plagiarized[]" was not preempted by LMRA); House v. Wackenhut Servs., Inc., No. 10CV09476(CM), 2011 WL 6326100, at *6 (S.D.N.Y. Dec. 16, 2011) (Defamation claim was not preempted by LMRA "where the alleged defamatory statements are simply that [plaintiff] was asleep while on duty."). The Second Circuit has found that a defamation claim was not preempted by the Railway Labor Act, holding:

> It seems clear to us, in light of [Hawaiian Airlines, Inc. v. ]Norris, [512 U.S. 246 (1994),] that Gay's state-law claims of defamation, prima facie tort and conspiracy (which is dependent upon the first two) are not pre-empted by the Railway Labor Act. No interpretation of the collective bargaining agreement is required to resolve these claims. State law provides the only source of the rights asserted by Gay — the right to be free of defamation and the right to be free from the infliction of intentional harm.

Gay v. Carlson, 60 F.3d 83, 88 (2d Cir. 1995).

SEIU has not asserted that "the court would need to look at the Agreement, which governs the terms and conditions of the relationship between [the parties], and provides the context for the allegedly defamatory statements[]" to address the defamation claim. Rebaudo v. AT&T, 562 F. Supp. 2d 345, 350-51 (D. Conn. 2008). Accordingly, the Court finds that it is not appropriate, at this stage, to dismiss Count Two based on preemption.

SEIU and PBM both argue that Count Two also fails on the merits. Both assert that the Complaint fails to adequately

assert the elements of the tort of defamation. See Doc. #30 at 12-13; Doc. #32-1 at 9-10. PBM further asserts that any allegedly defamatory statements made by it or its agents were protected by the "intra-corporate privilege." Doc. #32-1 at 10 (capitalizations removed).

> At common law, to establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement."

Gleason v. Smolinski, 125 A.3d 920, 947 (Conn. 2015) (citation and quotation marks omitted). Under Connecticut law, a plaintiff must meet "somewhat particular pleading requirements for a defamation" claim. Naughton v. Gutcheon, No. 3:21CV00402(KAD), 2022 WL 2802335, at *4 n.14 (D. Conn. July 18, 2022).

> A claim of defamation must be pleaded with specificity, as the precise meaning and choice of words employed is a crucial factor in any evaluation of falsity. The allegations should set forth facts sufficient to apprise the defendant of the claim made against him. A complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom. Imprecise pleading is not permitted in the context of alleged defamation[.]

Stevens v. Helming, 135 A.3d 728, 732 n.3 (Conn. App. 2016) (citations and quotation marks omitted).

Here, the Complaint alleges in a conclusory fashion that a false statement was made by plaintiff's co-worker, claiming that plaintiff sexually harassed her, "and the false statement's

publication to third parties by both Defendants caused the Plaintiff to be suspended and then terminated[.]" Doc. #1 at 7. "There is nothing in this allegation specifying what statements were made, by whom they were made, or to whom they were made. Thus, this allegation is legally insufficient to support a claim for defamation[.]" Berry v. Montilla, No. 3:16CV00530(AWT), 2018 WL 8729591, at *7 (D. Conn. Mar. 28, 2018). Indeed, no "third party" is identified or can be inferred from the allegations of the Complaint. Count Two, alleging defamation, is therefore **DISMISSED**, as against both defendants.

    **C.    Count Three – Duty of Fair Representation**

The Court construes this count as being brought only against SEIU. See Doc. #1 at 8 ("Defendant Union owed a duty of fair representation to the Plaintiff to fairly represent him after his termination of employment from PBM."). "A breach of the statutory duty of fair representation occurs when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Kavowras v. N.Y. Times Co., 328 F.3d 50, 54 (2d Cir. 2003) (citation and quotation marks omitted).

The Complaint alleges the following regarding this claim:

> 9. The Plaintiff attempted to grieve the matter with Defendant Union, however, the Union intentionally did not support him as a member and his grievance was not successful.

> ...
>
> 13. Defendant Union owed a duty of fair representation to the Plaintiff to fairly represent him after his termination of employment from PBM.
>
> 14. Defendant Union breached the duty of fair representation by intentionally failing to prosecute a successful grievance despite the fact that he was falsely accused of sexual harassment.
>
> 15. The Plaintiff has incurred damages as a result of the Defendant Union's breach of its duty of fair representation.

Doc. #1 at 7, 8. Plaintiff, in opposing the motions to dismiss, also contends that the following allegation is relevant to this claim: "During the course of an investigation of the accusation by employees of PBM the Plaintiff was not permitted to explain his side of the story nor was he allowed to defend himself." Doc. #1 at 7; see also Doc. #37-1 at 5-6. Plaintiff contends that this allegation suffices to meet the burden of pleading a duty of fair representation claim. See Doc. #37-1 at 5-6.

In sum, the Complaint alleges that SEIU intentionally failed to adequately represent plaintiff in his grievance against PBM, thereby causing him damages.

> To state a claim for a breach of the duty of fair representation, the union member plaintiff must adequately allege two elements: (1) that the union's actions or inactions are either arbitrary, discriminatory, or in bad faith; and (2) a causal connection between the union's wrongful conduct and their injuries.
>
> A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's

> actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational. In other words, tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach.

Hamad v. Dist. Council DC 37, 600 F. App'x 816, 817 (2d Cir. 2015) (citations and quotation marks omitted). "A union does not breach its duty of fair representation when it makes a good faith decision that the merits of a particular claim do not warrant instituting legal proceedings, for a union must be allowed to exercise reasonable discretion as to how it can best satisfy the interests of the individual as well as the interests of the collective unit." Pyzynski v. N.Y. Cent. R. Co., 421 F.2d 854, 864 (2d Cir. 1970). "Any substantive examination of a union's performance must be highly deferential. Although a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion, an employee does not have an absolute right to have his or her grievance taken to arbitration." Barton v. City of Bristol, 294 F. Supp. 2d 184, 202 (D. Conn. 2003) (citation and quotation marks omitted).

    Here, the Complaint alleges that SEIU "intentionally fail[ed] to prosecute a successful grievance[.]" Doc. #1 at 8. The Complaint does not allege that SEIU declined to prosecute the grievance, or failed to prevail with the grievance, in a manner that was "arbitrary, discriminatory, or in bad faith[.]" Hamad, 600 F. App'x at 817 (citation and quotation marks

omitted). Accordingly, the Complaint fails to state a claim for breach of the duty of fair representation by SEIU and Count Three is **DISMISSED**.

### IV.   CONCLUSION

For the reasons set forth herein, defendants' Motions to Dismiss [**Doc. #29, Doc. #32**] are **GRANTED**.

The Clerk shall close this case.

It is so ordered at Bridgeport, Connecticut, this 18th day of August, 2022.

```
                        /s/
           HON. SARAH A. L. MERRIAM
           UNITED STATES DISTRICT JUDGE
```